# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| PALMER ROUNDTREE III, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CV413-174 |
| ) | |
| WARDEN DONALD BARROW, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

On January 16, 1998, Palmer Roundtree was convicted in the Chatham County Superior Court of several offenses, including malice and felony murder. (Doc. 1 at 3.) He was sentenced to life imprisonment. (*Id.*) He filed a 28 U.S.C. § 2254 petition challenging his conviction on July 15, 2013. (*Id.*) Because the timeline of appeals and state habeas petitions was unclear, the Court directed respondent to brief the issue. (Doc. 3.) Respondent moves to dismiss the petition as untimely. (Doc. 6.)

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended 28 U.S.C. § 2244 to include a one-year statute of

limitations for habeas corpus petitions filed by state prisoners. 28 U.S.C. § 2244(d)(1). The limitations period runs from "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *Jimenez v. Quarterman*, 555 U.S. 113, 119-20 (2009). A state criminal judgment becomes final "'on the date on which the [United States] Supreme Court issues a decision on the merits or denies *certiorari*, or . . . on the date on which defendant's time for filing such a petition expires.'" *Bond v. Moore*, 309 F.3d 770, 773 (11th Cir. 2002) (*quoting Kaufmann v. United States*, 282 F.3d 1336, 1339 (11th Cir. 2002)); *Jimenez*, 555 U.S. at 120.

The one-year limitations period is tolled, however, when a state prisoner properly files an application for state collateral review. 28 U.S.C. § 2244(d)(2); *see Ford v. Moore*, 296 F.3d 1035, 1036-37 (11th Cir. 2002) (statute of limitations tolled while state prisoner sought state habeas corpus relief). Although the filing of a state habeas action tolls the one-year limitations period, it does not reset it. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (a state habeas petition filed after the AEDPA limitations period has expired cannot toll the statute of

limitations because there is no time left to toll). That is, the days between the date upon which the conviction became final and the beginning of state habeas review are counted toward the limitations period.

Roundtree was convicted on January 16, 1998. (Doc. 1 at 3.) The Supreme Court of Georgia affirmed his conviction on February 8, 1999. *Roundtree v. State*, 270 Ga. 504 (1999). He never sought a writ of certiorari from with the United States Supreme Court. Because he had 90 days in which to do so, *Bond*, 309 F.3d at 774 (citing Sup. Ct. R. 13.1), his conviction became "final" on May 9, 1999. He did not petition the state for habeas corpus relief until nine years later, on May 29, 2008. (Doc. 7-2 at 3.) It was denied on July 13, 2011. (*Id.* at 4.) His application to the Supreme Court of Georgia for a certificate of probable cause to appeal the denial of habeas corpus was denied on September 10, 2012. (Doc. 7-5 at 1.) Roundtree filed his § 2254 petition here several months later, on July 15, 2013. (Doc. 1.)

Thousands of days elapsed between the date his conviction became final and the date on which he sought state habeas relief. In other words, this is not even a close call. Roundtree is untimely by many years. Respondent's motion to dismiss (doc. 6) should thus be **GRANTED** and

this case should be **DISMISSED**.

Applying the Certificate of Appealability ("COA") standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue.  28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving sua sponte denial of COA before movant filed a notice of appeal).  And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith.  Thus, *in forma pauperis* status on appeal should likewise be **DENIED**.  28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this 3rd day of December, 2013.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA